Gheen, J.
delivered the opinion of the-court.
In this case the plaintiff sued the defendants before a justice of the peace, and upon the hearing the defendants pleaded as a set-off an account against the plaintiff larger than the plaintiff’s demand. The justice gave judgment for the defendants *232 against the plaintiff’ for $23 90 and costs. The plaintiff obtained writs of certiorari and supersedeas, and the cause was brought into the circuit court, where the plaintiff came and offered to dismiss his suit, which the defendants opposed, but the court permitted the suit to be dismissed and gave judgment for the costs against the plaintiff — and the defendants appealed in error to this court.
By the act of 1815, ch. 53, sec. 1, it is made lawful for a justice of the peace before whom a suit may be brought, if the defendant shall plead a set-off and it shall appear that there is a balance in his favor, to enter up judgment for the sum that may appear due to such defendantr
In the case before us, a judgment was entered under the authority of this act in favor of the defendants, and the question is was it competent for the plaintiff afterwards to take his cause to the circuit court by appeal or certiorari, and then by dismissing his suit, to defeat the defendant’s remedy.
There is no doubt but that at common law a party plaintiff has a right to dismiss his suit whenever he may choose. He is the only party seeking a remedy. He alone asks the action of the court. The defendant stands in the attitude of resistance. He opposes the action of his adversary and endeavors to defeat the suit. If the plaintiff voluntarily comes and withdraws his suit, it is all the defendant can ask. Everything is accomplished that would be attained by his successful defence.
But the act of assembly under consideration materially changes the attitude of parties in cases originating before ajus-tice of the peace. By authorizing the rendition of a judgment in behalf of the defendant, this law makes him an actor as well as the plaintiff. If his matter of set-off be larger than the plaintiffs demand, he stands in the attitude of plaintiff, and has all the rights of a plaintiff. So soon as the plea of set-off is made, exhibiting such excess of demand, it becomes a cross action, and the party pleading is in fact plaintiff, and the other is defendant, however they may be named in the proceeding. The defendant in an ordinary case can, with as much reason, dismiss plaintiff’s suit against him, as a plaintiff before a justice of the peace can do so in a case where ,the defendant *233 has pleaded a set-off larger than his demand. The party to whom the balance is due has as much right to the decision of the issue in his favor in the latter as in the former case.
It is not so at the common law where the plea of set-off is filed, because although a cross action, it is purely defensive. All it aims at is to defeat the suit. Not sounder this statute. It is here a cross action with a view to the recovery of a judgment against the adverse party, and the plaintiff cannot by dismissing his suit escape from the issue which he has voluntarily made. The judgment must be reversed and the cause remanded for trial at the next circuit court.